SEONHAE SHIN (CA State Bar No. 308262)
Deputy County Counsel
LAURA L. FEINGOLD (CA State Bar No. 238246)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5461
Facsimile: (909) 387-4069
E-Mail: Kellie.Shin@cc.sbcounty.gov

Attorneys for Defendant SAN BERNARDINO COUNTY (erroneously sued and served as The County of San Bernardino)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ORTIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>THE COUNTY OF SAN BERNARDINO, a governmental entity; and Does 1 to 50, inclusively,<br><br>         Defendants. | Case No. 5:25-cv-02443-SSS (AJR)<br><br>**DEFENDANT SAN BERNARDINO COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Assigned to:<br>Honorable District Court Judge<br>Sunshine S. Sykes<br><br>Referred to:<br>Honorable Magistrate Judge<br>A. Joel Richlin |

COME NOW Defendants San Bernardino County (erroneously sued and served as "The County of San Bernardino") ("Defendant") and hereby answers Plaintiff GABRIEL ORTIZ's ("Plaintiff") Complaint in this action. Defendant denies any and all such allegations, and further admits or denies the specific allegations in Plaintiff's Complaint and states all applicable affirmative defenses, as follows, responding to the correspondingly numbered paragraphs thereof in conformity with Rule 8(b):

1. Answering paragraph 1, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

2. Answering paragraph 2, Defendant admits it is a governmental entity. Defendant denies all remaining allegations.

3. Answering paragraph 3, Defendant admits it is, and at all relevant times was, a governmental entity. Defendant denies all remaining allegations.

4. Answering paragraph 4, Defendant admits that at all relevant times, it operated and maintained the jail facilities where Plaintiff was held through its agency, the San Bernardino County Sheriff's Department. Except as so admitted, Defendant denies the remaining allegations.

5. Answering paragraph 5, Defendant denies the allegation that the "COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT" is owned/operated as alleged, and further responds that "San Bernardino County Sheriff's Department" is not a separate suable entity from the County; to the extent a response is required, denied. Defendant denies all allegations.

6. Answering paragraph 6, Defendant denies the allegations regarding ownership/operation of the "DISTRICT ATTORNEY'S OFFICE" as pled and further denies any implication of liability thereby. Defendant denies all allegations.

7. Answering paragraph 7, Defendant denies the allegations regarding Does 1–50 and proximate causation. Defendant denies all allegations.

8. Answering paragraph 8, on information and belief, Defendant denies the agency/employment/vicarious liability allegations. Defendant denies all allegations.

9. Answering paragraph 9, on information and belief, Defendant denies that the San Bernardino County Sheriff's Department obtained any video "the same day" or as otherwise alleged. Defendant denies all allegations.

10. Answering paragraph 10, on information and belief, Defendant denies

knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

11. Answering paragraph 11, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

12. Answering paragraph 12, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

13. Answering paragraph 13, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

14. Answering paragraph 14, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

15. Answering paragraph 15, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

16. Answering paragraph 16, Defendant denies the allegations contained therein.

17. Answering paragraph 17, on information and belief, Defendant denies knowledge or information sufficient to form a belief as to whether all allegations contained therein are true or false. For that reason, Defendant denies the factual allegations in this paragraph.

18. Answering paragraph 18, Defendant denies the allegations contained therein.

## FIRST CAUSE OF ACTION

(Wrongful Arrest and False Imprisonment – 4th Amendment Violation – All Defendants)

19. Answering paragraph 19, the County incorporates its responses to paragraphs 1 through 18 as though fully set forth herein.

20. Answering paragraph 20, Defendant denies all allegations contained therein.

21. Answering paragraph 21, Defendant denies the allegations contained therein.

22. Answering paragraph 22, Defendant denies the allegations contained therein.

23. Answering paragraph 23, Defendant denies the allegations contained therein.

24. Answering paragraph 24, Defendant denies the allegations contained therein.

25. Answering paragraph 25, Defendant denies the allegations contained therein.

26. Answering paragraph 26, Defendant denies the allegations contained therein.

27. Answering paragraph 27, Defendant denies the allegations contained therein.

28. Answering paragraph 28, Defendant denies the allegations contained therein.

29. Answering paragraph 29, Defendant denies the allegations contained therein. Defendant denies that Plaintiff is entitled to general damages, special damages, attorneys' fees, pre-judgment interest, or any other relief.

30. Answering paragraph 29(1), (2), (3), (4), and (5), Defendant denies that Plaintiff is entitled to general damages, special damages, attorneys' fees, pre-judgment

interest, or any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint and every purported cause of action therein fails to state facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint and every purported cause of action therein is barred by the applicable statute(s) of limitation, including Cal. Code of Civ. Proc. §§ 335.1, 338, 342, and 343.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Comply with Government Claim Presentation Requirements)

Plaintiff has failed to comply with statutory Government Claim Presentation Requirements found at Ca. Gov. Code § 901 et. seq. and Cal. Code of Civ. Proc. § 313, 342, and 354. In addition, Plaintiff's claim(s) was/were filed with inaccurate, false, and/or misleading information regarding the date of accrual of the claims, so any claim by the Plaintiff that there was a waiver of the untimeliness of his claims is unenforceable, void, and subject to estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(Cause of Action and Facts not in Written Claim to Public Entity)

Plaintiff's Complaint contains a cause of action and facts not presented in a timely filed claim as required by Gov. Code § 901 et seq. and Cal. Code of Civ. Proc. §§ 313, 342, and 352.

### FIFTH AFFIRMATIVE DEFENSE

(Public Entity – Non-Statutory Causes of Action)

To the extent Plaintiff's Complaint contains causes of action not permitted under Cal. Gov. Code § 815, Defendant San Bernardino County is immune from liability.

## SIXTH AFFIRMATIVE DEFENSE

(Qualified Immunity – Law Unclear)

The Complaint and every purported cause of action therein is barred by qualified immunity, as the law governing the conduct of the County's employees was unclear, and the San Bernardino County's employees objectively believed that their conduct under that law was lawful.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith - Conduct did not Violate Cleary Established Rights)

The Complaint and every purported cause of action therein is barred by good faith, as "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statute or constitutional right of which a reasonable person would have known." [Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)]

## EIGHTH AFFIRMATIVE DEFENSE

(Good Faith with Probable Cause and an Honest Belief)

At all times relevant to this litigation, the Defendants acted in good faith and with probable cause and entertained an honest reasonable belief that their actions were reasonable and necessary thereby precluding the Plaintiff from maintaining any causes of action for violation of their civil rights. [Pierson v. Ray, 386 U.S. 547 (1967)]

## NINTH AFFIRMATIVE DEFENSE

(Mere Negligence)

At no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of the Defendant was, at most, mere negligent act of an official causing unintended loss of or injury to life, liberty or property and the Plaintiff is, therefore, precluded from maintaining his causes of action for violations of his civil rights. [Daniels v. Williams, 447 U.S. 327 (1986)].

## TENTH AFFIRMATIVE DEFENSE

(No Governmental Custom or Practice)

At no time relevant to this litigation did the Plaintiff sustain any violation of his civil rights pursuant to a governmental custom or practice, thereby precluding the Plaintiff from maintaining his causes of action for violations of his civil rights. [Monell v. Dept. of Social Services, 436 U.S. 658 (1978)]

## ELEVENTH AFFIRMATIVE DEFENSE

(Immunity for Discretionary Acts)

Except as otherwise provided by statute, San Bernardino County's employees are not liable for acts or omissions which involve the exercise of the discretion vested in them as set forth in applicable law, including Cal. Gov. Code § 820.2. San Bernardino County is not liable for any injury resulting from any act or omission of an employee of the public entity where the employee is immune from liability as provided by applicable law, including Cal. Gov. Code § 815.2(b).

## TWELFTH AFFIRMATIVE DEFENSE

(Immunity for the Acts of Others)

Except as otherwise provided by statute, San Bernardino County's employees are not liable for injury caused by the acts or omissions of another person as provided by applicable law, including Cal. Gov. Code § 820.8. San Bernardino County is not liable for any injury resulting from any act or omission of an employee of the public entity where the employee is immune from liability as provided by applicable law, including Ca. Gov. Code § 815.2(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

(Probable Cause to Arrest)

Any alleged arrest of Plaintiff by Defendant was not wrongful because said Defendant had probable cause to arrest.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lawful Authority to Detain)

Any alleged detention of Plaintiff by Defendant was not wrongful because such Defendant had a right to detain Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Immunity for False Arrest or Imprisonment Pursuant to Code)

Defendant is immune from liability for any claim arising out of allegations of false arrest or imprisonment pursuant to applicable law including but not limited to, Cal. Penal Code § 847.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reasonable Discharge of Duties)

San Bernardino County is immune from any alleged failure to perform a mandatory duty imposed by an enactment as Cal. Gov. Code § 815.6 provides a public entity with immunity when San Bernardino County's employees exercised reasonable diligence in discharging those duties and its employees are also entitled to immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Intervening Cause)

No act or omission of the Defendant was a substantial factor in bringing about the occurrences alleged in the Complaint. Any of Defendant's acts or omissions were superseded by the acts or omissions of other person(s), which acts or omissions were the independent, intervening, and proximate cause of the occurrences alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Third Parties at Fault - Allocation of Liability)

The injuries and damages alleged by Plaintiff in his Complaint, if any, were proximately caused by the acts or omissions of other persons, and Defendant requests that an allocation of such liability be made among such others, and that if any liability is found on the part of any defendant, that judgment against that defendant be only in the

amount which is proportionate to the extent any percentage by which that defendant's acts or omissions contributed to Plaintiff's injuries or damages.

## NINETEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff has a duty to mitigate his damages, if any. Plaintiff has failed to exercise reasonable care to avoid and minimize their damages, if any. Plaintiff should not recover for any losses which could have been avoided or minimized by his failure to take steps to mitigate those losses. Plaintiff's recovery, if any, should be reduced by the amount that could have been avoided had Plaintiff mitigated their damages.

## TWENTIETH AFFIRMATIVE DEFENSE
(Privilege)

At all times, Defendant's conduct was privileged which bars Plaintiff's claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Plaintiff knew the risks and damage involved in their actions and conduct and, with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risk and, by that reason, Plaintiff is barred from recovery herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Contributory, Comparative Negligence)

Any injury or damages to Plaintiff was proximately caused by the negligence of Plaintiff in that Plaintiff failed to exercise ordinary care under the circumstances. Plaintiff is, therefore, barred from recovery herein, or if liability is found on the part of Defendant, Plaintiff's recovery shall be reduced based on the contributory, comparative negligence of Plaintiff.

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

If the conduct of Defendant is found to have been wrongful, which Defendant has denied and continues to deny, then the Plaintiff's claim is barred by the Doctrine of Unclean Hands.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct estops Plaintiff from claiming the damages alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The actions of the Defendant was in all respects reasonable, proper, and legal.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual injury due to the Defendant's conduct

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Defendant is immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Complaint does not state facts sufficient to constitute a cause of action against Defendant under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981), is not a federal civil rights violation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Additional Defenses)

Discovery in this matter is at the earliest stage. Defendants provide notice that they may assert other affirmative defenses they may become aware of as this matter proceeds through discovery and other proceedings.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is couched in conclusory terms, this Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Complaint;
2. Judgment be rendered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded their costs of suit herein;
4. In the event of a judgment adverse to Defendant, for a judicial determination and declaration as to the proportionate degree to which Defendants may be liable to Plaintiff in relation to any other defendants and/or counter-defendants;
5. That the Court award Defendant a setoff against any judgment for special or economic damages by award of the jury against Defendant for any monies Plaintiff received through settlement or otherwise;
6. That Defendant be awarded their reasonable attorney's fees pursuant to applicable law(s) and/or statute(s); and

7.    For such other and further relief as the Court deems proper.

DATED: November 10, 2025    Respectfully submitted,

LAURA L. FEINGOLD
County Counsel


*/s/ Seonhae Shin*
SEONHAE SHIN
Deputy County Counsel
SAN BERNARDINO COUNTY

DEFENDANT SAN BERNARDINO COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial as to all the issues framed by the pleadings pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1.

DATED: November 10, 2025        Respectfully submitted,

LAURA L. FEINGOLD
County Counsel

*/s/ Seonhae Shin*
SEONHAE SHIN
Deputy County Counsel
Attorneys for Defendant
San Bernardino County

---

1

DEFENDANT SAN BERNARDINO COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On November 10, 2025, I served the following documents (*specify*): **DEFENDANT SAN BERNARDINO COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

I served the documents on the persons below, as follows:

| | |
|---|---|
| James A. Alderson Esq.<br>ALDERSON LAW FIRM<br>14350 Civic Drive, Suite 280<br>Victorville, CA 92392<br>Telephone: (760) 245-1818<br>Fax: (760) 245-3255<br>aldersonlawfirm@gmail.com | Attorney for Plaintiff, Gabriel Ortiz |

I served the documents on the persons below, as follows:

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing, and know that the document(s) described herein will be deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

☒ **By e-mail or electronic transmission.** I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Dated: November 10, 2025

/s/ Yesenia Martinez
Yesenia Martinez, Declarant