JAMES A. ALDERSON (CA State Bar No. 241860)
ALDERSON LAW FIRM
14350 CIVIC DRIVE, SUITE 280
VICTORVILLE, CA 92392
Telephone: (760) 245-1818
Facsimile: (760) 245-3255
E-mail: aldersonlawfirm@gmail.com

**Attorney for Plaintiff, GABRIEL ORTIZ**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ORTIZ<br><br>         Plaintiff,<br><br>v.<br><br>THE COUNTY OF SAN BERNARDINO, a governmental entity; and Does 1 to 50, inclusively,<br>         Defendants. | Case No. 5:25-CV-02443-SSS (AJR)<br><br>JOINT RULE 26(f) REPORT<br><br>SCHEDULING CONFERENCE:<br><br>Date: January 16, 2025<br>Time: 1:00 p.m.<br>Location: Via Zoom Videoconference<br><br>Honorable District Court Judge Sunshine S. Sykes<br><br>Referred to:<br>Honorable Magistrate Judge<br>A. Joel Richlin |

Pursuant to Central District Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order (Dkt. No. 12), Plaintiff Gabriel Ortiz (collectively "Plaintiffs"), and Defendant County of San Bernardino ("Defendant"), with Plaintiffs and Defendant collectively referred to herein as the "Parties" or individually as the "Party,"

hereby submit the following Joint Report.

Pursuant to Federal Rule of Civil Procedure Rule 26(f), a telephonic conference was held between counsel on December 1, 2025. The telephonic conference was attended by James Alderson of Alderson Law Firm, counsel for Plaintiff, and Seonhae Shin, counsel for Defendant.

### A. STATEMENT OF THE CASE

#### i. Plaintiff's Statement of the Case

THE COUNTY OF SAN BERNARDINO, owns, operates, manages, controls, staffs, maintains and supervises the DISTRICT ATTORNEY'S OFFICE in Victorville, California. On or about February 09, 2023, a shooting occurred in Victorville, California, whereby Plaintiff's brother was identified as a shooter. The COUNTY OF SAN BERNARDINO SHERIFF DEPARTMENT however, wrongfully arrested, prosecuted and incarcerated Plaintiff on or February 10, 2023, for violating PC §664/187 (a) and physically released until September 23, 2023. Knowing that there was no factual basis to arrest and detaining Plaintiff. The alleged evidence by Defendants for identification for Plaintiff was as an accomplice and was founded on a video that demonstrated a smaller individual with tattoos, that the Plaintiff does not have. There was zero good faith belief that the Plaintiff was involved in any criminal wrongdoing and the Defendant knew this but still held him incarcerated to leverage information on where Plaintiff's brother and the true accomplice was located.

#### ii. Defendant's Statement of the Case

The initial investigation into the February 9, 2023 shooting revealed evidence linking Plaintiff and his brother to the shooting. An initial search warrant was executed at a residence where evidence that tied Plaintiff to the shooting was discovered. Arrest warrants for Plaintiff and his brother were issued on February 9, 2023. A search warrant for their residence was executed, leading to the discovery and collection of additional evidence. Plaintiff was arrested on February 10, 2023 pursuant to an arrest warrant. The DA filed a felony complaint on February 14, 2023, charging Plaintiff and his brother. The

criminal complaint, signed under penalty of perjury, attests there was sufficient factual basis to charge both Plaintiff and his brother.

B. **SUBJECT MATTER JURISDICTION**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (3) (civil rights) and 28 U.S.C. §1983 (4th Amendment). The parties agree that federal jurisdiction exists.

C. **LEGAL ISSUES**

   i. **Plaintiff**

Wrongful Arrest and False Imprisonment – 4th Amendment and due process under the 4th and 14th Amendment.

   ii. **Defendant**

Whether Plaintiff was unreasonably detained and arrested; whether Defendant's actions constitute violations of the Fourth Amendment of the U.S. Constitution; whether Defendant intentionally withheld and suppressed a video that would have exonerated Plaintiff; whether the alleged withholding of evidence occurred and if so, whether it violated Plaintiff's rights; whether Defendant engaged in intentional misconduct in the handling of exculpatory evidence; whether Defendant violated Plaintiff's constitutional rights; whether Defendant is entitled to qualified immunities and/or State law immunities; the nature, extent, and scope of Plaintiff's damages; whether Plaintiff failed to mitigate his alleged damages; whether Plaintiff is entitled to punitive damages; and whether Plaintiff's constitutional rights were violated.

D. **PARTIES, EVIDENCE, ETC.**

The following are parties to this action:

Plaintiff is Gabriel Ortiz and Defendant is the San Bernardino County.

The following are percipient witnesses:

Plaintiff Gabriel Ortiz; Elroy Anthony Ortiz (Plaintiff's brother); Witness Amber Elaine Mullen; Witness Teresa Marie Massie; Store Employee Witness William Thomas Vanheest; Deputy Corrin Cassidy; Deputy F. Demara; Deputy Elias Mendoza; Corporal

T. Bechtol; Detective F. Trujillo; Detective D. Fratt; Detective Curtis Bennington; Deputy A. Cornejo; Deputy K. Hillebrand; Deputy J. Rowley; Deputy T. Baca; Sergeant J. Rodriguez; Deputy S. Ramirez; Sergeant N. Craig; C. Hurst/Breann Hurst; Tina Goddard; Analyst Kristofer Munson, Criminalist II; Analyst Jason McCauley, Criminalist II; Jail Officer G. Montenegro;  Jail Officer A. Fonzi; Jail Officer D. Dodier ; Parah Shah, Attorney ; and Expert for Identification.

Other deputies and sergeants who authored the arrest and search warrants and/or who were involved in their execution and/or participated in the investigation of the shooting, and other Sheriff's deputies, detective, sergeants, and other County law enforcement and civilian personnel. Additional non-percipient witnesses may include civilian witnesses, business owners, and expert witnesses. Given that discovery has not yet been completed, the parties have not yet identified all other percipient witnesses.

The following are key documents/evidence that Defendant anticipates conducting discovery on in the case: surveillance and other videos, audio files, files related to investigation, photos, witness and party statements, reports, arrest and search warrants, dispatch records, arrest and booking reports, criminal complaints, body-worn camera videos, belt recordings, dash cam videos or video footage of the incident, any third-party witnesses, documentary and other evidence of Plaintiff's allegations, claims, Plaintiff's testimony, videos, criminal file and alleged damages.

E.   **SERVICE OF COMPLAINT**

All currently known Defendants have been served.  Discovery has only initially started and Doe Defendants will be named once identified.

F.   **DAMAGES**

Plaintiffs' has sustained the following general damages, which includes, but not limited to: emotional distress, inconvenience, loss of liberty, loss of earnings, ability to earn and pain and suffering all to his general damages. Punitive against personnel employees (later names).

Defendant The County disputes the existence and/or extent of Plaintiff's alleged

injuries and damages, including whether such damages can be attributable to the incident giving rise to the Complaint.

### G. INSURANCE

The County is a self-insured public entity.

### H. MOTIONS

#### i. Plaintiff

An Amended Pleading may be filed by Plaintiff if necessary Doe identifications are made known.

#### ii. Defendant

Defendant anticipates filing a motion for summary judgment on its behalf and motions in limine. Defendant hopes that no discovery motions will be necessary.

### I. DISPOSITIVE MOTIONS

#### i. Plaintiff:

Plaintiffs reserve the right to file any motion that they believe are needed as a Motion for Summary Judgment.

#### ii. Defendant:

Defendant anticipates bringing a dispositive motion. Defendant also anticipates bringing *in limine* motions, as necessary. Defendant may seek to bifurcate trial into separate phases.

### J. MANUAL FOR COMPLEX LITIGATION

The parties agree that a manual for complex litigation procedures is not necessary.

### K. STATUS OF DISCOVERY

Defendant has initiated discovery and served Plaintiff with requests for production (set one) and interrogatories (set one).

### L. DISCOVERY PLAN

Defendant anticipates propounding additional written discovery in the form of interrogatories, requests for admissions, and requests for production of documents. Defendant will conduct discovery regarding the facts and circumstances of the incident

that form the basis for Plaintiff's claims, including taking Plaintiff's deposition and serving written discovery requests.

The parties will seek a protective order from the Magistrate Judge to cover discovery and the exchange of confidential information. The parties further intend to take the deposition of each expert witness designated by the parties.

Plaintiff intends to serve written discovery to Defendant and then depose necessary Defendants, as well as any other witnesses that may have relevant knowledge of the case and alleged damages or the facts and circumstances surrounding the incident as identified through discovery.

**M.   DISCOVERY CUT-OFF**

The Parties propose a fact discovery cut-off date of October 9, 2026 (See Exhibit A.)

**N.   EXPERT DISCOVERY**

The Parties propose an initial expert disclosure date October 16, 2026.

The Parties propose a rebuttal expert disclosure date of October 30, 2026.

The Parties propose an expert discovery cut-off date of November 13, 2026.

**O.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

There have been no prior oral or written settlement discussions. The parties are agreeable to mediation before the Court's mediation panel (ADR-2).

**P.   CONSENT TO MAGISTRATE JUDGE**

Defendant does not consent to a Magistrate Judge presiding over the matter for all purposes.

**Q.   TRIAL ESTIMATE**

The parties propose a pre-trial conference date of March 30, 2027 and a trial date April 16, 2027. Both parties request a jury trial and estimate the length of the trial to be 5-7 days including jury selection, *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. At this time, Defendant cannot

accurately anticipate how many witnesses it will call at trial but based on similar litigation and the facts known to date, Defendant estimates calling approximately 10-20 witnesses per side.

**R.   TRIAL COUNSEL**

James Alderson will be lead trial counsel for Plaintiff.

Seonhae Shin (lead counsel) and Adam Miederhoff will try this case for San Bernardino County.

**S.   INDEPENDENT EXPERT OR MASTER**

It is unknown at this time whether an independent scientific expert is necessary.

**T.   TIMETABLE**

The Schedule of Pretrial Dates form is attached as Exhibit A to this Report.

**U.   CLASS ACTIONS**

This is not a class action lawsuit.

**V.   OTHER ISSUES**

The parties do not anticipate any other issues affecting the status or management of the case.

DATED: December 31, 2025                ALDERSON LAW FIRM

/s/ James A. Alderson
**JAMES A. ALDERSON, ESQUIRE**
Attorney for Plaintiff

DATED: December     , 2025              LAURA L. FEINGOLD
                                        COUNTY COUNSEL


SEONHAE SHIN
Deputy County Counsel
Attorney for Defendant, SAN BERNARDINO COUNTY

## DISTRICT JUDGE SUNSHINE S. SYKES
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the Court will set them.

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:   ☑ Jury Trial   or   ☐ Bench Trial<br>[Monday at 9:00 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: __5-7_____ Days | | 4/16/2027 | 04/16/2027 |
| Final Pretrial Conference ("FPTC" [L.R. 16],<br>[Friday at 1:00 p.m. at least 17 days before trial] | | 03/30/2027 | 03/30/2027 |
| **Event**[1]<br>Note: All deadlines shall be on Fridays.<br>Hearings shall be on Fridays at 2:00 p.m. | **Time Computation**[2] | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties | 6 weeks after Scheduling Conference | 02/26/2026 | 02/26/2026 |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 27 weeks before FPTC | 10/09/2026 | 10/09/2026 |
| Expert Disclosure (Initial) | 26 weeks before FPTC | 10/16/2026 | 10/16/2026 |
| Expert Disclosure (Rebuttal) | 24 weeks before FPTC | 10/30/2026 | 10/30/2026 |
| Expert Discovery Cut-Off | 22 weeks before FPTC | 11/13/2026 | 11/13/2026 |
| Last Date to Hear Motions<br>• Rule 56 Motion due at least 49 days before hearing; Rule 56 Opposition due at least 35 days before hearing; Rule 56 Reply due at least 28 days before hearing.<br>• Deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | 11 weeks before FPTC | 01/29/2027<br>last day to be heard | 01/29/2027<br>last day to be heard |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>**Select one**:   ☑ 1. Magistrate Judge (with Court approval)<br>                    ☑ 2. Court Mediation Panel<br>                    ☑ 3. Private Mediation | 8 weeks before FPTC | 02/19/2027 | 02/19/2027 |
| Deadline to File Motions in Limine | 6 weeks before FPTC | 03/05/2027 | 03/05/2027 |
| Deadline for Oppositions to Motions in Limine | 4 weeks before FPTC | 03/19/2027 | 03/19/2027 |
| Trial Filings<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 04/02/2027 | 04/02/2027 |
| Hearing on Motions in Limine | 1 week before FPTC | 04/09/2027 | 04/09/2027 |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.
[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.

Rev. 11/07/2024                                                                 8

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 14350 Civic Drive, Suite 280, Victorville, CA 92392

On December 31, 2025, I served the following documents:
**JOINT RULE 26(f) REPORT**

I served the documents on the persons below, as follows:

Seonhae Shin, Esq.　　　　　　　　　　Attorney for Defendant
Deputy County Counsel　　　　　　　　Telephone: (909) 387-5461
385 North Arrowhead Ave, Fourth Floor　E-mail: Kellie.Shin@cc.sbcounty.gov
San Bernardino, CA 92415

The documents were served by the following means:

☐ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and *(specify one)*:
(1) ☐ deposited the sealed envelope with the United States Postal Service, with postage fully prepaid.
(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[X] **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: December 31, 2025   //s// Isabel Gonzalez
                            ISABEL GONZALEZ